IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SKAGWAY JEWELRY CO., LLC, and INDRESH CHAWLA,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>WESTMARK HOTELS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00005 RRB<br><br>**<u>ORDER GRANTING MOTION TO DISMISS AT DOCKET 75</u>** |

## I. INTRODUCTION

This case was transferred to Alaska from the Western District of Washington on January 15, 2016, as a result of Defendants' Motion to Dismiss for Lack of Proper Venue. Presently before the Court at **Docket 75** is a Motion to Dismiss by Defendants David Brena and his company, Alyeska Realty Advisors (Brena). Plaintiffs Skagway Jewelry Co. and Indresh Chawla oppose the motion at Docket 88, with a reply from Defendants at Docket 104. For the reasons set forth below, the Court **GRANTS** Brena's Motion to Dismiss.

## II. BACKGROUND

Plaintiff Indresh Chawla, of East-Indian decent, is the proprietor of Skagway Jewelry Co., LLC, a seasonal jewelry company in Skagway, Alaska. Plaintiff leased a retail space for

his business in a building space (the Property) owned by Defendant Westmark Hotels from May 2004 to September 2012. In March 2012, a fire completely destroyed the retail space, preventing Plaintiff from conducting business during the 2012 tourist season. The lease agreement provides that in the event of a fire, the landlord (Westmark) is to restore the property to its prior condition as soon as practicable. However, if it is destroyed to the point of being economically unfeasible, the landlord can alternatively terminate the term of the lease by giving the tenant 30 days' notice. The lease was not terminated and no repairs, restorations, or temporary replacements were made to the property in 2013 or 2014.

Plaintiff alleges that he had several conversations with Defendant David Musselwhite, the property manager and VP of Finance and Administration for Westmark's parent company, Holland America (collectively HAP/Westmark), wherein Plaintiff was promised the right of first refusal to purchase the Property. Plaintiff subsequently made several cash offers on the Property that were rejected by Westmark/Musselwhite. Real estate agent Defendant Carlton Smith of the Carlton Smith Company was thereafter instructed by Defendant Musselwhite to list the Property for sale on or about September 18, 2014, and it was publicly advertised by October 2014.

Defendant Ryan Williams, also of the Carlton Smith Company, indicated to Plaintiff that he represented the seller and would be the person to assist Plaintiff as a potential buyer. On October 23, 2014, Plaintiff was informed that there was a competing offer and that Mr. Musselwhite, as an agent of HAP/Westmark, was seeking a best and final offer.

Plaintiff made his final offer on October 27, 2014, for $551,000, which was more than the tax-appraised value of $400,000. Plaintiff made this offer through Defendant Williams. On October 28, 2014, HAP/Westmark accepted a competing offer from Brena, allegedly on Defendant Smith's recommendation. Plaintiff asserts that the Property was sold for $552,000, only $1,000 more than his offer. Additionally, Plaintiff asserts that there is a relationship between Brena and Defendant Smith beyond the scope of this transaction and that it was never disclosed.

Plaintiff alleges a number of claims against the various Defendants. He alleges a cause of action for Breach of Contract (against Westmark/Holland America), violation of 42 U.S.C. § 1982 racial property rights (against Westmark, Holland America, and Mussel white), Tortious Interference with a Business Expectency (against Brena, Alyeska Realty Advisors, Smith and Carlton Smith Company), Fraud (against Smith), Negligent Misrepresentation (against Williams and Smith), Violation of Alaska law governing Real Estate Brokers (against Williams and Smith), and violation of 42 U.S.C. § 1982 (against Smith and Brena). Brena now seeks to have the two claims against him dismissed.

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."[1] In deciding the motion, not only must a court accept all

---

[1] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff.[2] In short, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[3] A court should not look to "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4]

**IV. DISCUSSION**

Plaintiff has alleged that Brena committed: (A) tortious interference with business expectancy and/or (B) illegal discrimination under 42 U.S.C. § 1982.

**A. Intentional Interference with a Prospective Economic Advantage**

Under Alaska state law, tortious interference with business expectancy is called intentional interference with a prospective economic advantage. Plaintiff has alleged that Brena interfered with Plaintiff's business expectancy of purchasing the property for an improper purpose and thereby caused Plaintiff's damage. Under Alaska law, in order to support a claim of intentional interference with a prospective economic advantage, a plaintiff must show:

(1) the existence of a prospective business relationship between the plaintiff and a third party;

---

[2] *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992) (*citing Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).

[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted).

[4] *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

(2) knowledge by the defendant of the prospective relationship, and intent to prevent its fruition;

(3) conduct by the defendant interfering with the relationship;

(4) failure of the prospective relationship to culminate in pecuniary benefit to the plaintiff;

(5) causation of the plaintiff's damages by the defendant's conduct; and

(6) absence of privilege or justification for the defendant's action.[5]

Plaintiff has not sufficiently alleged facts to support many of these elements. First, the fact that the Property was listed on the open market and competing offers were potentially made by other third parties calls into question the existence of any prospective business relationship Brena may have had. A prior business relationship and an existing offer are not enough to establish a "prospective business relationship" for this cause of action. Plaintiff must have had "a contract expectancy superior to the rights of other bidders," which he has not alleged facts to support.[6] Plaintiff has therefore failed to meet the burden of this element of intentional interference with a prospective economic advantage cause of action.

Plaintiff also has not sufficiently alleged Brena knew of any special expectancy by Plaintiff. Such an expectancy would be indicative of an actual "prospective business relationship" Additionally, Plaintiff has not alleged that Brena acted with any intent other

---

[5] *J & S Servs., Inc. v. Tomter*, 139 P.3d 544, 551 (Alaska 2006).
[6] *Powercorp Alaska LLC v. Alaska Energy Authority*, 290 P.3d 1173, 1187 (Alaska 2012).

than to further his own legitimate economic interests by bidding on a property advertised on the open market.

Moreover, Plaintiff has not alleged any facts of actual conduct by Brena, other than making a competing offer, which can be interpreted as interfering with the prospective relationship between Plaintiff and HAP/Westmark. While Plaintiff has alleged Brena "colluded" with Smith to induce the termination of the business relationship, Smith appears to have been the party in that influential position and the only fact alleged in the complaint to connect Brena to Smith is that they had a conversation in March of 2013 "about how to handle multiple offers made on a single property."[7] Thus the only alleged conduct supported by factual allegations is that Brena made a competing offer on a publicly advertised property and discussed a procedural question on property purchasing with a real estate agent a year and a half previously. The Court does not find there to be sufficient factual allegations of interference by Brena. Additionally, because Plaintiff has not sufficiently alleged any interference by Brena, beyond those attributable to Smith, there cannot be a causal link established between any alleged damages suffered by Plaintiff.

Finally, despite the allegation of collusion between Brena and Smith, there is no factual support for any allegations of fraud on the part of Brena. Plaintiff's complaint only alleges that Brena acted in a commercially reasonable manner in his own best economic interest. Because Plaintiff has not sufficiently alleged factual support for these elements,

---

[7] Docket 27 at 9.

Plaintiff has therefore failed to establish a prima facie case for intentional interference with a prospective economic advantage.

**B. Illegal Discrimination (42 U.S.C. §1982 Discrimination)**

42 U.S.C. § 1982 prohibits discriminatory actions that would deny a non-white United States citizen of any real property rights enjoyed by white citizens. Plaintiff has asserted that to make a prima facie case for illegal discrimination under § 1982, he need only prove that: (1) he is a member of a racial minority; (2) that he applied for and was qualified to purchase certain property; (3) that he was rejected; and (4) that the property remained available thereafter.[8] While Plaintiff meets these elements generally, Plaintiff was not in fact rejected by Brena. A § 1982 discrimination claim properly lies against the party who rejected the non-white plaintiff, such as the seller of the property. Even in cases brought against a third-party to the transaction, that party must still have actively rejected the plaintiff.[9] The Court does not find a competitor for a property to be a proper defendant under § 1982 and Plaintiff has pointed to no case law that suggests otherwise.

Additionally, there is no clear indication from the complaint that Defendants knew or were concerned about Plaintiff's race, which is a necessary fact in a § 1982 discrimination

---

[8] *See Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).
[9] *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 235 (1969).

claim.[10] Accordingly, the Court finds Plaintiff has failed to establish a prima facie case for illegal discrimination under 42 U.S.C. § 1982.

## V. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Complaint does not state claims against Defendants David Brena and Alyeska Realty Advisor's Inc. on which relief can be granted and, accordingly, Defendants' Motion to Dismiss is **GRANTED**. All claims against David Brena and Alyeska Realty Advisor's Inc. are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 8th day of July, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10] *See e.g. Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989), *Cho v. Itco, Inc.*, 782 F.Supp. 1186, 1187 (E.D. Tex. 1992).